Good morning, Michael Kars on behalf of the petitioner Manuel Parejo, and I'll take three minutes for rebuttal. Okay, that clock counts down. Right, I see that. Thank you. Really quickly, I think we need to update matters on case status because what has been happening with the Indeterminate Sentence Review Board, the Washington's Parole Board, has had two subsequent hearings since the 2007 hearing, which was the original basis of the state filing. And since that time, Mr. Parejo had been granted a conditional release. Subsequent to that, the conditional release was based upon him having a forensic psychological evaluation to see whether or not he met the criteria as a sexually violent predator here in the state of Washington. The individual in question, the psychologist, did so find, and based upon that finding at a subsequent parole hearing recently in April of this year, he was denied parole. The point being is that there has been a continued issue, and the actual psychological evaluation did depend in large part upon the assertions made by the parole board from the revocation in 1995 that indeed most of the basis for his parole revocation were sexual in nature as opposed to what he has always contended, which they are not. And so that brings us immediately to the question of what is the factual predicate. I think it is clear from the case law that in a situation where there's a challenge to a parole hearing, the factual predicate is always the decision for the parole board, whether it's just the parole decision itself or if the state allows an administrative decision at that point in time. This raises the question, of course, is... I take some exception to say that it's always the decision of the board as the decision that's the factual predicate. We do have some case law in the circuit. I can't remember if it's M-DISPO or it's published, but in any event, the issue is whether the predicate for the claim is something that's inherent in the system or whether it's an external. For example, if there's a policy that's been adopted by the state that affects parole hearings generally, and that's where the... and that policy predates the statute of limitations on the current decision, that's a policy that could have been raised earlier, not... it isn't specific to the board. Now in this case, your point is, I understand, is that there was... the well was poisoned in 1995, but every time the board meets, you can avoid the poison by rejecting it, not following it, not being biased, and you could... so each parole decision stands on its own. Is that correct? That is our contention, Your Honor. I just want to avoid the... at least having authored red, which started all of this. Right. You know, the problem with reading cases and writing opinions is that you write on the facts that you have. And then, of course, you all make money and get frustrated, as we do too, on the other side, of trying to apply what we said in that context in another context. So I just want to avoid blanket statements about what our jurisprudence means. I'm speaking for myself at this point. I understand that. From my reading of the case law, it was a little more clear than that, but that's not at issue today. I agree that I think there's some other issues that are probably critical to determine, and based upon what has been happening, I mean, there's a first question about, I think, that was brought up by opposing counsel, which is mootness, for example. And the question comes down, and I wanted to address that while I had the opportunity, because I think it's important. I think it's important because we have a situation where the question is, in mootness, is whether or not this court can provide relief. And I would argue, indeed, that it can. There are several different options. Anything, well, of course, from an evidentiary hearing, but a subsequent relief could be anything from ordering that, indeed, the incident involving Mr. Pereo's ex-wife not be considered sexual to saying that, indeed, after an evidentiary hearing, there was a conspiracy on the part of Catherine Bale at the parole board to keep Mr. Pereo in and to change the records in such a way as to deny him, set him up for denial of release for his whole life. Here's my problem, and in a way I'm back to Judge Fisher's concern, but with a slightly different take on it. We've got case law starting with red and then finishing with the more emphatic decision written by Judge Trott in Shelby. We're dealing with the statute of limitations in 2244. The statute is written badly because it says that the statute of limitations runs from the judgment. And, of course, we don't have a judgment. And then there are these other things, and we get down to subsection capital D, about a year from the date of which it could have been from the factual predicate. And in order to impose a statute of limitations at all to challenge a parole hearing that has resulted in a denial of parole, they've got to, as it were, misread subsection D to say the factual predicate is the administrative decision, and you've got a year from the administrative decision. And I understand precisely why that happened, because if you don't do that, there's never a statute of limitations to a parole hearing if there's been a denial. But that's not what the words were originally designed to do, of course. They were really designed to talk about facts in the ordinary sense of facts. If we read in this setting factual predicate to mean only the parole board determination and nothing else that would be ordinarily factual, you're then allowed to raise something that happened a very long time ago and about which your client had knowledge. How should we deal with that? Well, first I would just take a minor exception, I don't know, a major minor exception to the fact of knowledge, because I do think that the e-mail from Catherine Bale to her when she supposedly had recused herself was new evidence, and that is an issue that could be the factual predicate indeed for the 2007 parole hearing. Okay. Or actually, so the 2008 filing. I got you. So I'm not going to ask you to concede timing as to when the relevant evidence was discovered. So if you take it in a slightly more abstract sense as to how we're supposed to deal with a problem where we have a parole denial and it's based upon something that the person who's been denied parole knew about quite a long time earlier. So what are we supposed to do with that problem? Because that's the problem we've set up for ourselves. You didn't set it up. And I think you're, speaking only for myself, I think you're dead right under our precedence you filed within the statute of limitations. The question is what now what, because we've got this old stuff. I agree, but on the other hand, the parole board, even though he keeps raising the issue, the parole board keeps using it, and that is a decision that the parole board makes at the time they make the decision. It's not, I mean, you may have known that stuff prior, but each parole board has the option to reject or agree with the information, and when it uses that information in its decision, it means that that decision is the factual predicate. Okay, and then if you litigate, let's suppose this goes back and you get a hearing and a resolution against you about the 1995 information and Ms. Bales' role, and that's adverse. And then he's denied bail, parole, excuse me, on the next parole hearing. Okay, and you come along and say, okay, they're still using it. Its collateral estoppel then slams the lid on it? Well, it's either that or, if I remember correctly, what is it, 2244B2, if I remember correctly. Anyway, it's the fact that it is raising basically the same issue on a different parole hearing, and then the way I read it is that then he would have to ask this court for permission to go forward. I've got one minute left, so I'll keep that for later. Why don't we hear from the other side, and we'll make sure you get a chance to say what you need to say. May it please the Court, my name is Greg Rosen. I represent the respondent in this matter. Parejo's habeas petition is time barred based on 28 U.S.C. section 2244D1D. The only issue that was certified for this Court's appeal by the district court was whether Parejo's habeas petition, his claims within his petition, are time barred under D1D. All of Parejo's habeas claims challenge the Board's September 9, 1995, revocation decision or the Board's actions that occurred prior to that 1995 decision, events that occurred over 17 years ago. So what you want us to say is predicate means not only the denial, but also other facts. Because we've already told you that factual predicate in subsection D means the decision by the parole board to deny parole. Correct. But you want to say that also means facts known to that person more than one year before. No, Your Honor, if I may respectfully disagree. What I'm indicating is that Parejo loses under either interpretation, whether it's the issuance of the Board decision on September 9, 1995, 17 years ago, or based upon his awareness of the facts at the time, under either theory, he loses. But he seems to be challenging a much later parole denial. I would submit respectfully that a fair reading of Parejo's habeas claims and the brief in support of those claims that he filed in the district court would reflect that although he lists that he's challenging the Board's decision from 2007, the things that he discusses in the claims themselves are things back in 1995. I got that part. What if we were to conclude for purposes of the statute of limitations that he is challenging the more recent parole denial? Then what? If this Court concludes that he is challenging in actuality the 2007 decision, he would not be time-barred based upon my analysis. However, he would be mooted out because the Board has issued two subsequent decisions since 2007. And as counsel just indicated, the Board issued a decision in June of this year finding that Parejo was not parolable under RCW 995-100. The Board has issued two subsequent decisions since... But if he's mooted out that way, I think I'm understanding your argument being that all they need to moot out a challenge to a parole denial is to issue another decision denying parole. That's correct. Well, that doesn't sound like mootless to me. It sounds like he's still in the same situation he's always been in and he'd like some help. Well, but as opposing counsel correctly pointed out, each parole decision stands on its own. In that case, if it stands on its own, then why doesn't he get within the statute of limitations to challenge why it's defective? And if it's defective because there is erroneous information in the file that the Parole Board, notwithstanding his protestations, continues to rely upon, why isn't he entitled to get the 2007 parole decision examined in court to find out whether it's true or not, whether Ms. Bail prejudiced the Board back at that time and everybody's just been rubber stamping it ever since? Well, I would respectfully disagree that the Board has, in fact, been rubber stamping this. Well, I'm not asking you to accept that that's what they've been doing, but that's his allegation, that it's tainted. Each decision is tainted by an embedded error, and nobody allows him to find out whether it's true or not. Well, but if that was the case, you could continue to make that allegation despite the fact that the face of the Board's decisions reflect that that's not true and thereby evade the statute of limitations under D1D simply by making an allegation. No. What you'd be doing is saying you're challenging the parole decision in 2007, and the basis for it is that even though this Parole Board had within its power to look at the record anew and not be biased by or mistaken because of this embedded error, they repeated the same mistake the prior Parole Board did. And therefore, if he can finally get that issue resolved as to whether there was a mistake or there was prejudice embedded in his record that dooms him no matter what, because if it's not corrected he'll never get parole, then it seems to me he needs his day in court and then it wouldn't be moot because the new ones might well themselves have been infected by the error. Why isn't that a plausible approach to this? Well, I would suggest it's not a plausible approach because even under Judge Fletcher's secondary question as to what are the facts, what did the petitioner know as to the facts, the record reflects that Parejo knew about the things that he alleged even in his federal habeas petition. He knew those things back in 1995 when he filed his December 1995 state court petition. Would you have a laches argument if we were to say he's within the statute of limitations, he now seeks to litigate what he knew about, I'm assuming knew about, I'm not saying had to know about, but on the assumption he knew about a long time ago, would you be able to argue laches as to say he should have raised it before, there's some prejudice to you from the fact that you didn't raise it now, evidence has been lost, witnesses died, whatever? Quite possibly, Your Honor. In fact, as I indicated to the district court in my answer, there were several state court files by dint of the fact that this case has gone on so long that were destroyed. I couldn't provide them in the state court record. There's still another PRP that I couldn't provide because I think it was destroyed in 2003. So, yes, I think potentially I would have a laches argument because some of the evidence over time in terms of at least the state court records, the state court files have been destroyed through no control of my own. When did he first assert the claim that the 1995 proceeding was corrupted and has been ongoing? In his December 1, 1995 state court petition, and that can be found at SCR 42-93. There are numerous exhibits appended, 15 exhibits. Perejo appended as Exhibit 1 to that petition back in 1995. Okay, so the laches is what? That he failed to then seek collateral relief from that decision? Well, laches would be based upon my inability potentially to refute his allegations of, I guess, wrongdoing on the part of the board because I've lost evidence over time that has been destroyed based on retention. But you're suggesting he did raise the issue back in 1995? Yes, he did, Your Honor. On notice, and he just couldn't get a court disposition on that, is that right? That's not correct, Your Honor. He got a disposition in October of 1996. The Washington Court of Appeals resolved the merits of this issue. Of that. So he's actually had a hearing, in your view, about the merits of that claim? Yes, Your Honor. He's had this claim heard repeatedly in the state court over time. He filed a petition in December of 1995 raising certain claims. He filed a petition in October 2002 raising the same claims. And, in fact, in the October 2002 petition, Breho's attacks on the August 1995 parole revocation hearing were found to be successive. Successive. Where has he had a merits determination on the truth or falsity of his belief about the error in his record and the activity of Ms. Bale? He's had numerous merits decisions, yes, Your Honor, over the course of time by the Court of Appeals and the Washington Supreme Court Commissioner. These issues have been resolved repeatedly. Well, if you have that resolution on the merits, you may very well then be able, even if this goes forward as not time barred, you may be able to foreclose this fairly readily by arguing collateral estoppel. 1738, 28 U.S.C. 1738 says the federal courts are required to apply the res judicata collateral estoppel rules of the state court that renders the decision. I don't know what the answer is, is whether or not you do have preclusion, but you've got an argument. I do, and he would also, my position is that the state courts have resolved these issues on the merits. He'd also lose under 2254 D1 and D2. What I'm worried about here, I think what we're all worried about, is are we setting up an impossible situation for the state or a very difficult, impracticable situation for the state by saying that the statute of limitations has not run and allowing this to go forward. It seems to me as though the state has lots of ways to deal with this that are not terribly onerous or frivolous or very difficult. I think the system could be made to work sensibly if we read the statute of limitations to run from, as we read in Shelby, the administrative decision is challenging. Yes, Your Honor, and I understand the courts, I don't want to say an awkwardness as to the application of D1D. I'll say it, you don't have to. It's not my place to say that. But I would respectfully submit that Parejo knew about the factual predicate of all those claims in 1995. I think the record bears that out. He had a merits disposition on those claims by the state courts, and there's no doubt, I would suggest, that he knew back in 1995 the same claims that he filed in his 2010 federal habeas petition. Thank you. Thank you. Real quick, I wish to raise two issues here. First, regarding the issue on mootness, because that had been brought up, I wish to say that, you know, one of the issues we have is the periodicity by which parole hearings occur, and it seems to me this is right for the old repetition but evading review, like it's been used for the SVP cases and such. So I think that would cover that. But I also want to also talk about the issue of the state courts and whether or not they indeed have had a chance to. Go ahead and say it. Basically, the answer is no, and the reason the answer is no is that Mr. Parejo may have made these He is basically asserting, you know, the type of claim that can never be proved without real concrete evidence because it goes against the chair of the parole board, and without the ability to be able to do discovery, do depositions, subpoena information, talk to witnesses who are still around, including Ms. Bail, he will never be able to prove his case, at least as far as I can see. It is actually critical that he have an evidentiary opportunity to address what happened in 1995. Okay. Thank you. Thank you. Thank you both sides for your arguments. This is a tricky case, and it's not your fault it's a tricky case. Parejo versus Frake submitted for decision.
judges: Dearie, Fletcher, Fisher